**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-62113-RUIZ/STRAUSS**

**NANCY MARIA KILDEA,**

    Plaintiff,

v.

**BROWARD COUNTY SCHOOL DISTRICT,** *et al.***,**

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    THIS MATTER came before the Court upon Defendants' Amended Motion to Dismiss Complaint, Motion to Strike and Memorandum of Law in Support ("Motion") [DE 26]. This case has been referred to me, pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all action as required by law on the Motion [DE 31]. I have reviewed the Motion, the Response [DE 29] and Reply [DE 30] thereto,[1] and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART**, that Counts 2-4 of the Complaint be **DISMISSED** as untimely, and that Plaintiff's remaining claims be **REMANDED** to state court.

---

[1] Plaintiff's Response to the Motion was due on January 26, 2022, but it was not filed until February 10, 2022. Therefore, in their Reply, Defendants preliminarily argue that the Motion should be granted by default pursuant to Local Rule 7.1(c)(1), which provides that the failure to file a timely response to a motion "may be deemed sufficient cause for granting the motion by default." However, given that Plaintiff did ultimately file her Response without Defendants or the Court raising the issue prior to the filing of the Response, I recommend that the Court consider the Motion on its merits rather than granting the Motion by default.

## BACKGROUND[2]

Plaintiff, who is in her 60s, was previously employed by Defendant Broward County School District (the "School District") as a ParaPro. Complaint [DE 1] ¶¶ 9-10. During the 2018-2019 school year, she worked with ESE students at Indian Ridge Middle School ("IRMS"), where Defendant Ian Murray ("Murray"), is the principal. *Id.* ¶¶ 6, 10. While working at IRMS, Plaintiff had several unpleasant experiences. For instance, a non-managerial employee embarrassed Plaintiff by sharing confidential information from Plaintiff's high school transcripts with other employees. *Id.* ¶ 14. That same employee also directed derogatory ethnic remarks at Plaintiff, asking Plaintiff why she calls herself Maria when her real name is Nancy, why she is pretending to be a "spic," and whether she came over on a "banana boat." *Id.* ¶ 16. The employee also accused Plaintiff of bruising an ESE student and threatened to call the police. *Id.* ¶ 19.

In February 2019, Plaintiff was assigned to escort ESE students to the gym. *Id.* ¶ 17. The gym teacher yelled at Plaintiff to run with the students. *Id.* Plaintiff informed the gym teacher that Plaintiff needed to discuss a "confidential serious health problem" – Plaintiff suffered a near-fatal heart attack in 2013 – with the assistant principal. *Id.* However, the gym teacher started screaming at Plaintiff, falsely accusing Plaintiff of attacking her. *Id.* At some point, a much younger ParaPro replaced Plaintiff as the ParaPro who escorted ESE students to the gym. *Id.* ¶ 18. The younger ParaPro was not required to run with the students. *Id.*

Plaintiff returned to IRMS for the 2019-2020 school year and was assigned to a new classroom. *Id.* ¶¶ 21-22. However, after the first week of school, her access badge was taken and she was escorted off school property. *Id.* ¶ 23. Based on the foregoing facts, Plaintiff alleges that

---

[2] For purposes of considering the Motion, the Court accepts the factual allegations in the Complaint as true and views them in the light most favorable to the plaintiff. *See Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1229 (11th Cir. 2019).

she was terminated in violation of the Florida Civil Rights Act of 1992 ("FCRA") (Count 1), Title VII of the Civil Rights Act of 1964 (Count 2), the Age Discrimination in Employment Act ("ADEA") (Count 3), and the Americans with Disabilities Act ("ADA") (Count 4).

In Count 5 of the Complaint, Plaintiff alleges a procedural due process violation under the Florida Constitution. By way of background, Plaintiff alleges that she was granted "permanent" employee status in April 2019. *Id.* ¶ 33. Around June 2019, however, her status was changed back to "temporary," but no "cause" was indicated for the reversion in status. *Id.* ¶ 34. When Plaintiff was fired in August 2019, the principal told her that, under the collective bargaining agreement, he did not need to provide a reason for her firing. *Id.* ¶ 36. However, the assistant principal told her that she did nothing wrong. *Id.* ¶ 35. Plaintiff was not notified that she could appeal her termination decision to the school board. *Id.* ¶ 37. A few months later, Plaintiff learned that the school board approved her dismissal. *Id.* ¶ 38. Plaintiff did not attend the school board hearing at which her dismissal was approved because she assumed she could simply change schools and find reemployment at another school in the School District. *Id.* ¶ 39. Plaintiff alleges that she was denied due process because she was not provided fair notice of the reason for her termination and a real opportunity to be heard. *Id.* ¶¶ 42-43.

Plaintiff also brings four defamation claims (Counts 6-9). In Count 6, Plaintiff alleges that she was offered, and accepted, a ParaPro position at a different Broward County school in August 2019. *Id.* ¶ 45. However, the new school rescinded the offer after conferring with IRMS regarding Plaintiff, stating that Plaintiff did not meet the qualifications for the position. *Id.* In Count 7, Plaintiff alleges that she interviewed at another school in October 2019. *Id.* ¶ 49. However, at a second interview, the school indicated that it learned from an unidentified individual at IRMS that Plaintiff was fired "for poor performance and mistreating the ESE students." *Id.* During the

3

interview, Plaintiff was also accused of typing up her own evaluation form and reference letter. *Id.* In Count 8, Plaintiff alleges that IRMS challenged her application for reemployment benefits with the State of Florida, with Murray citing "poor performance" and "misconduct." *Id.* ¶ 53. Finally, in Count 9, Plaintiff alleges that she interviewed for at least 15 open ParaPro positions in the School District, and that although most interviews went well, she received no offers. *Id.* ¶ 57. Plaintiff implies that the reason she received no offers is based on something IRMS communicated to the schools at which she interviewed. *See id.*

Prior to bringing this case, Plaintiff filed a charge with the EEOC and the Florida Commission on Human Relations ("FCHR"). On August 26, 2020, she received a Notice of Rights letter indicating that she could pursue a civil action. *See* [DE 1] at 32-33. One year later, on August 26, 2021, Plaintiff filed this action in state court. On October 11, 2021, the School District filed a Notice of Removal [DE 1], removing the matter to this Court.

## **LEGAL STANDARD**

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The mere possibility

the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679)).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Cambridge Christian Sch.*, 942 F.3d at 1229; *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## ANALYSIS

### A. WHETHER PLAINTIFF'S FEDERAL CLAIMS ARE TIME-BARRED

Counts 2, 3, and 4 of the Complaint are time-barred. Before pursuing employment discrimination claims under Title VII, ADEA, and the ADA, an employee must exhaust administrative remedies. *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017); *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004). "The administrative process is initiated by timely filing a charge of discrimination." *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). If the EEOC is not going to litigate a matter on an employee's behalf, a notice – often called a right-to-sue letter – will be sent to the employee. *Mesones v. Estevez*, No. 19-14119, 2021 WL 3721324, at *2 (11th Cir. Aug. 23, 2021) (citing 42 U.S.C. § 2000e-5(f)(1)); *Scott v. Piedmont Columbus Reg'l Hosp.*, 806 F. App'x 954, 955 (11th Cir. 2020).

Upon receipt of such a letter, the employee has 90 days to file a lawsuit bringing her federal claims. *Mesones*, 2021 WL 3721324, at *2 (citing 42 U.S.C. § 2000e-5(f)(1)); *Stamper*, 863 F.3d at 1340; *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 & n.2 (11th Cir. 2000). This 90-day time limit is effectively a statute of limitations. *See, e.g.*, *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 975 (11th Cir. 2012). Therefore, the failure to satisfy the 90-day requirement is a proper basis for dismissal only if such failure is clear from the face of the complaint. *Mesones*, 2021 WL 3721324, at *2 n.2 (citing *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982)).

Here, Plaintiff attached her right-to-sue letter to the Complaint.[3] [DE 1] at 32-33. Although the letter was sent by the FCHR, she acknowledges (indeed, affirmatively argues) that the right-to-sue letter was sent on behalf of both the EEOC and the FCHR. *See* [DE 29] ¶ 5. The letter is dated August 26, 2020, which is exactly one year before Plaintiff filed this lawsuit.[4] While Plaintiff does not allege the exact date she received the letter, she does not dispute that she received the letter more than 90 days before filing her Complaint.[5] Therefore, it is clear from the face of the Complaint that Plaintiff's Title VII, ADEA, and ADA claims are untimely. *See Scott*, 806 F. App'x at 956 (affirming dismissal of complaint filed 101 days after date of right-to-sue letter even

---

[3] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 63 (11th Cir. 2013) ("At the motion-to-dismiss stage, we consider the facts derived from a complaint's exhibits as part of the plaintiff's basic factual averments." (citation omitted)); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." (citation omitted)).

[4] Although the letter indicates that Plaintiff would have one year to pursue her claims in court, that is only true with respect to her state law claims under the FCRA. *See Padilla v. N. Broward Hosp. Dist.*, 270 F. App'x 966, 972 & n.6 (11th Cir. 2008) (recognizing that while an individual has one year from the date of a right-to-sue letter to bring an FCRA claim, the individual only has 90 days from receipt of a right-to-sue letter to bring a Title VII claim).

[5] Even when the date of receipt is in dispute, courts generally presume that a party received notice three days after mailing. *Robbins v. Vonage Bus., Inc.*, 819 F. App'x 863, 867 (11th Cir. 2020).

though exact date of receipt was unknown); *Winsor v. Home Depot U.S.A., Inc.*, 743 F. App'x 335, 337 (11th Cir. 2018) (affirming dismissal of complaint as untimely and finding that district court did not err in presuming that right-to-sue letter was received three days after date of letter).

It is not entirely clear what argument(s) Plaintiff is raising in response to Defendants' argument that her federal claims are time-barred. Her argument(s) on this issue is set forth in paragraphs 21 and 22 of her Response [DE 29], which refer back to paragraphs 2-7 of her Response. She appears to be raising an equitable tolling argument, but she does not explain why equitable tolling applies. In doing so, Plaintiff relies on 29 C.F.R. Part 1614 and a memorandum issued for federal EEO processing under Part 1614. However, her reliance on Part 1614 is misplaced because the regulations thereunder only apply to federal sector employees, not private sector employees or state or local government employees. *See Economou v. Caldera*, 286 F.3d 144, 149 (2d Cir. 2002); *Kientz-Abreu v. Puerto Rico Ports Auth.*, No. 19-2151, 2021 WL 4956220, at *1 (D.P.R. Aug. 27, 2021).

Notwithstanding Plaintiff's reliance on an inapplicable regulation, "[t]he timely-filing requirements of Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act are non-jurisdictional and subject to equitable tolling." *Stamper*, 863 F.3d at 1342 (citations omitted). But "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly." *Scott*, 806 F. App'x at 955 (quoting *Bost*, 372 F.3d at 1242). It "is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." *Stamper*, 863 F.3d at 1342 (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)); *see also Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) ("[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" (citation omitted)). "[P]laintiff bears the burden of establishing that equitable tolling is warranted." *Scott*, 806 F. App'x at 955 (citing *Bost*, 372 F.3d at 1242).

While Plaintiff implies that equitable tolling is warranted here, she fails to satisfy her burden of showing that it should apply. She does not argue that she acted with diligence or that extraordinary circumstances out of her control prevented her from timely pursuing her federal claims. Notably, Plaintiff does not even address or acknowledge the equitable tolling requirements, even though it is her burden to establish the applicability of equitable tolling. Moreover, Plaintiff does not offer any reason to believe that she could establish entitlement to equitable tolling with further factual development.[6] Therefore, Counts 2-4 of the Complaint should be dismissed as untimely.

### B. PLAINTIFF'S STATE LAW CLAIMS

Given that Plaintiff's federal claims should be dismissed as untimely, I respectfully recommend that Plaintiff's remaining claims be remanded to the state court. "The district courts may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1568 (11th Cir. 1994) ("Section 1367(c) gives a court *discretion* to dismiss a supplemental claim or party when 'the district court has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3)) (emphasis in original)). Significantly, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior

---

[6] *Cf. Scott*, 806 F. App'x at 956 n.1 ("The district court did not err by failing to hold an evidentiary hearing. Scott offers no reason to believe that, with further factual development, he could establish an entitlement to equitable tolling of the 90-day period.").

8

to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)). Because 28 U.S.C. § 1367(c)(3) clearly applies here (upon the dismissal of Counts 2-4), I recommend that the Court decline to exercise supplemental jurisdiction over Counts 1 and 5-9. As discussed above, Count 1 alleges a state-law FCRA claim, Count 5 alleges a violation of the Florida Constitution, and Counts 6-9 allege state-law defamation claims. Provided that the Court declines to exercise supplemental jurisdiction over these claims, they should be remanded to state court. *See Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction." (citations omitted)).

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that: (1) the Motion [DE 26] be **GRANTED IN PART and DENIED IN PART**; (2) Counts 2-4 of the Complaint be **DISMISSED** as untimely; and (3) Plaintiff's remaining claims (Counts 1 & 5-9) be **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 24th day of May 2022.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge