UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62113-RAR

**NANCY MARIA KILDEA**,

    Plaintiff,

v.

**BROWARD COUNTY SCHOOL DISTRICT**, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 38] ("Report"), entered on May 24, 2022. The Report recommends that the Court **GRANT IN PART** and **DENY IN PART** Defendants' Motion to Dismiss [ECF No. 26]. Report at 1. Plaintiff filed objections to the Report on June 7, 2022 [ECF No. 39] ("Objections").

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Strauss's legal and factual findings.

Plaintiff makes two objections: first, that the U.S. Equal Employment Opportunity Commission ("EEOC") waived the time limits set forth in 42 U.S.C. § 2000e-5(f)(1), and second, that equitable tolling for Plaintiff to file the Complaint in this case is applicable and justified. Objections at 3–4. As to the first objection, Plaintiff states that she received an "EEOC and Florida 'joint' Right-to-Sue letter with a one-year time limitation for filing a complaint on August 26, 2020." Objections at 3. Then, just a few sentences later, Plaintiff writes that the 90-day time

limit set forth in 29 CFR § 1601.28(e)(1) does not apply to the instant case because Plaintiff did not receive a right-to-sue letter issued by the EEOC. Objections at 4. On one hand, Plaintiff wants the Court to treat the Notice of Rights letter received from the Florida Commission on Human Relations ("FCHR") as a right-to-sue letter issued by the EEOC, *see* [ECF No. 29] ¶ 5, and on the other hand, Plaintiff does not want to be bound by long-standing EEOC regulations. Objections at 4. Plaintiff cannot have it both ways.[1] Because Plaintiff's Notice of Rights letter indicates that the Complaint was dual-filed—and Plaintiff argues that the Notice of Rights letter constitutes a right-to-sue letter by the EEOC—the Court treats it as such. Accordingly, the date Plaintiff received her right-to-sue letter was the date her 90-day time limit to file her federal claims began to run. *See Mesones v. Estevez*, No. 19-14119, 2021 WL 3721324, at *2 (11th Cir. Aug. 23, 2021) (citing 42 U.S.C. § 2000e-5(f)(1)). Even granting Plaintiff the most liberal construction[2] of the date she received the letter, Plaintiff has far exceeded the statutory time limit to file her federal claims.

---

[1] The Notice of Rights letter attached to Plaintiff's Complaint includes a FCHR Case Number <u>and an EEOC Case Number</u>. *See* [ECF No. 1] at 32. Based on its inclusion of two case numbers, the record indicates that Plaintiff dual-filed her discrimination complaint. The FCHR has a work share agreement with the EEOC. FCHR, *Frequently Asked Questions*, https://fchr.myflorida.com/faq-frequently-asked-questions (last visited Jun. 10, 2022). The work share agreement helps the agencies avoid duplicate investigations. As such, the "EEOC and the FCHR act as agents for one another, and it is only necessary for one agency to investigate a claim." *Id*. Courts have found that under the work-sharing agreement between the EEOC and the FCHR, filing with one agency constituted filing with the other. *Choate v. Comm'n. Health Centers of Pinellas, Inc*., 93 F. Supp. 2d 1318, 1321 (M.D. Fla. 2000) (citing *Blakely v. United Servs. Auto. Ass'n*, No. 99-1046-Civ-T-17F, 1999 WL 1053122, at *4 (M.D. Fla. Oct. 4, 1999); *Dawkins v. Bellsouth Telecommunications, Inc*., 53 F. Supp. 2d 1356, 1360 (M.D. Fla. 1999)).

[2] If the date of receipt is unclear, the Eleventh Circuit places the burden of proof on the plaintiff to establish that the lawsuit is timely. *Themm v. Tervis Tumbler Co*., No. 8:15-CV-55-T-30EAJ, 2015 WL 1293120, at *3 (M.D. Fla. Mar. 23, 2015). The Eleventh Circuit "has refused to establish an inflexible rule [for] determining when a complainant" has actually received notice, opting instead for a case-by-case approach. *Id*. (citing *Bell v. Eagle Motor Lines*, 693 F.2d 1086, 1087 (11th Cir. 1982)). A case-by-case analysis should balance the "liberal construction [to which] the act is entitled [ ] in order to fashion a fair and reasonable rule" while not entitling a plaintiff to "open ended-time extension[s] which could render the statutory limitation meaningless." *Id*. (quoting *Lewis v. Conners Steel Co*., 673 F.2d 1240, 1243 (11th Cir. 1982)).

The Court must now assess whether the EEOC waived the 90-day time limit to file federal claims when it "deferred" the action to the FCHR, as Plaintiff suggests. Objections at 3–4. Plaintiff cites to a press release issued by the EEOC in support of that proposition. Objections at 3. But, in fact, that very press release makes clear what the Court already knows: "At the end of an investigation the EEOC generally issues a Notice of Right to Sue (Notice) to charging parties. Once you have received a Notice, you must file your lawsuit within 90 days. This deadline is set by law and cannot be changed by the EEOC. If you do not file in time you may be prevented from going forward with your lawsuit." *See* EEOC, *EEOC Continues to Serve the Public During COVID-19 Crisis,* https://www.eeoc.gov/newsroom/eeoc-continues-serve-public-during-covid-19-crisis (last visited Jun. 10, 2022). Plaintiff received such a letter. Therefore, Plaintiff had 90 days upon receipt of her right-to-sue letter to file a lawsuit bringing her federal claims. *Mesones,* 2021 WL 3721324, at *2. Plaintiff failed to do so. Therefore, Counts 2, 3, and 4 of the Complaint are time-barred.

As to the second objection, the Court need not address the equitable tolling issue any further. For the reasons cogently set forth in the Report, the Court does not find that equitable tolling is warranted in this case. *See* Report at 7–8; *see also Wakefield v. Cordis Corp.*, 211 F. App'x 834, 836 (11th Cir. 2006) (quoting *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004)) ("plaintiff must establish that tolling is warranted because equitable tolling 'is an extraordinary remedy which should be extended only sparingly.'").

In sum, having carefully reviewed the Motion to Dismiss [ECF No. 26], Plaintiff's Response to the Motion to Dismiss [ECF No. 29], Defendant's Reply to the Motion to Dismiss [ECF No. 30], the Report, the Objections, the factual record, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 38] is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Dismiss [ECF No. 26] is **GRANTED IN PART and DENIED IN PART** as follows**:**

   a. Counts 2-4 of the Complaint are hereby **DISMISSED** as untimely.

   b. Plaintiff's remaining claims (Counts 1 & 5-9) are hereby **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

3. The Clerk is instructed to **CLOSE** this case.

4. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 10th day of June, 2022.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**